# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-7023**

**September Term, 2021**

FILED ON: MARCH 25, 2022

TURAN PETROLEUM INC., A DELAWARE CORPORATION, ET AL.,
APPELLANTS

TURAN PETROLEUM, INC., (A NEVADA CORPORATION),
APPELLEE

v.

MINISTRY OF OIL AND GAS OF KAZAKHSTAN, AGENCY OF REPUBLIC OF KAZAKHSTAN AND DOES, 1 TO 100,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-02102)

---

Before: ROGERS and PILLARD, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

The question on appeal concerns whether Kazakhstan retains its sovereign immunity against claims by foreign investors in a dispute over natural resource exploration rights, called concessions, that Kazakhstan granted to domestic Kazakh firms. At the time relevant here, Kazakhstan auctioned off concessions through its Ministry of Oil and Gas. In 2001, the Ministry auctioned the Aral and Arys Concessions to two Kazakh entities, Ai Dan LLC and Aral Petroleum LLC, respectively.

1

Those concessions were transferred among various private entities, and U.S. investors acquired interests in them. The Ministry, however, unilaterally terminated the Aral Concession in 2005 and the Arys Concession in 2010. Plaintiffs, entities with interests in the concessions, contend that those terminations resulted from various bribery and extortion schemes. They brought this lawsuit against the Ministry in 2010, principally claiming breach of contract and violations of their rights under the Bilateral Investment Treaty between the United States and Kazakhstan. They contend that their claims fall within the Foreign Sovereign Immunities Act's commercial activity and expropriation exceptions.

The district court correctly dismissed the case based on Kazakhstan's sovereign immunity. As an arm of the government of Kazakhstan, the Ministry is presumptively immune from suit. 28 U.S.C. § 1604; *see OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 30-31 (2015). The Ministry's immunity "is overcome only if the plaintiff shows that one of the exceptions to immunity provided in [the FSIA] applies." *TMR Energy Ltd. v. State Prop. Fund of Ukr.*, 411 F.3d 296, 299 (D.C. Cir. 2005); *accord Sachs*, 577 U.S. at 31.

Plaintiffs argue that the commercial activity and expropriation exceptions apply. Neither does.

As to the FSIA's commercial activity exception, Plaintiffs rely on the exception's allowance for any claim against a foreign sovereign that is "based upon . . . an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). Whether an act is commercial turns on the act's nature, not its purpose. *Id.* at § 1603(d). And a foreign sovereign engages in commercial activity when it exercises "those powers that can also be exercised by private citizens, as distinct from those powers peculiar to sovereigns." *Saudi Arabia v. Nelson*, 507 U.S. 349, 360 (1993) (internal quotation marks and citations omitted).

Plaintiffs claim that Kazakhstan breached contracts authorizing exploration of Kazakhstan's natural resources. Our precedent treats the granting of permission to excavate and export natural resources owned by a sovereign government as a quintessentially sovereign prerogative, not a commercial activity. *See World Wide Mins., Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1165 (D.C. Cir. 2002) (quoting *Millen Indus., Inc. v. Coordination Council for N. Am. Affs.*, 855 F.2d 879, 885 (D.C. Cir. 1988)). In deciding that the act of state doctrine barred certain claims in *World Wide Minerals*, we held that Kazakhstan's refusal to license the export of natural resources was a sovereign act. 296 F.3d at 1165. We favorably cited *Rush-Presbyterian-St. Luke's Medical Center v. Hellenic Republic*, 877 F.2d 574 (7th Cir. 1989), for the proposition that "a contract whereby a foreign state grants a private party a license to exploit the state's natural resources is *not* a commercial activity [under the FSIA], since natural resources, to the extent they are 'affected with

2

the public interest,' are goods in which only the sovereign may deal." *World Wide Mins.*, 296 F.3d at 1165 (quoting *Rush-Presbyterian-St. Luke's Med. Ctr.*, 877 F.2d at 578). We consequently held that "issuance of a license permitting the removal of uranium from Kazakhstan is a sovereign act." *Id.* Plaintiffs have alleged no facts to meaningfully distinguish the concessions at issue here. And because the "gravamen" of their complaint is the purportedly corrupt termination of their concessions, *Sachs*, 577 U.S. at 35, we need not decide whether any activity surrounding promotion of the concessions was commercial. Plaintiffs accordingly have not met their burden to allege that the Ministry engaged in relevant commercial activity, and the exception does not apply.

The expropriation exception is likewise inapplicable. Under the FSIA, a sovereign lacks immunity from a suit in which "(1) rights in property are at issue; (2) those rights were taken in violation of international law; and (3) a jurisdictional nexus exists between the expropriation and the United States." *Schubarth v. Fed. Republic of Germany*, 891 F.3d 392, 398-99 (D.C. Cir. 2018) (quoting *Nemariam v. Fed. Democratic Republic of Ethiopia*, 491 F.3d 470, 475 (D.C. Cir. 2007)) (citing 28 U.S.C. § 1605(a)(3)). The exception's jurisdictional nexus requirement is established if the property is either (i) "present in the United States in connection with a commercial activity carried on in the United States by the foreign state"; or (ii) "owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States." 28 U.S.C. § 1605(a)(3); *accord Nemariam*, 491 F.3d at 475. The Ministry is properly considered an arm of Kazakhstan itself because its core functions, managing the state's oil and gas sector, are governmental. *See De Csepel v. Republic of Hungary*, No. 20-7047, 2022 WL 678076, at *5 (D.C. Cir. Mar. 8, 2022). Accordingly, we analyze the Ministry's acts under the first part of the expropriation exception.

Plaintiffs fail to allege facts satisfying the requisite jurisdictional nexus, *see* 28 U.S.C. § 1605(a)(3)(i), so the exception does not apply. The U.S. property at issue—the value of Plaintiffs' investments—was not taken "in connection with" any commercial activities that Kazakhstan conducted in the United States. Plaintiffs, which include some businesses within the United States, do not allege that the Ministry was involved in securing their investments in Kazakh companies. The complaint itself states that "Kazakh authorities did not participate in any investments." App. 8, ¶ 19. And the concession agreements the Ministry approved were for Kazakh businesses, not American ones. App. 11-12, ¶¶ 31-35; App. 15-17, ¶¶ 48-61. Plaintiffs only later invested in the Kazakh companies that had obtained the concessions from the Ministry. Accordingly, Plaintiffs fail to allege their property was taken "in connection with" any commercial activities of Kazakhstan in the United States.

Finally, Plaintiffs argued before the district court that Kazakhstan had waived its immunity, but they forfeited reliance on the waiver exception by failing to raise it in their opening brief here. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019). Even had they pressed the point we

would affirm for the reasons the district court gave in its opinion. *See Turan Petroleum, Inc. v. Ministry of Oil & Gas of Kazakhstan*, 406 F. Supp. 3d 1, 10-13 (D.D.C. 2019) (describing the three situations in which we have found implicit waiver of sovereign immunity and holding that none applies here) (citing *Creighton Ltd. v. Gov't of State of Qatar*, 181 F.3d 118, 122 (D.C. Cir. 1999)).

In the absence of allegations establishing the applicability of any FSIA exception, Plaintiffs' claims are barred by sovereign immunity. Their other arguments on appeal accordingly also fail. Plaintiffs' proposed amendments to their complaint would be futile to overcome Kazakhstan's immunity. Their proposal to allege additional bad acts neither shows any commercial character of the Ministry's acts nor otherwise establishes a jurisdictional nexus to the United States. *See* Appellants' Br. at 24-38. Plaintiffs specifically appear to argue that adding a RICO claim could allow jurisdiction under the commercial activity exception. Appellants' Br. at 24-25, 38-39. But they plead no additional facts to show that the commercial activity exception applies, and the cases on which they rely show only that RICO claims may proceed where the conduct on which they rest renders a FSIA exception applicable. *See Turan Petroleum*, 406 F. Supp. 3d at 17. Plaintiffs' motion under Fed. R. Civ. P. 59(e) is similarly futile; in any event, it also does not identify a change in controlling law, new evidence supporting application of a FSIA exception, or clear legal error. We therefore affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

*So ordered.*

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

4